# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROMAINE J. REED,

                Petitioner,

v.

REED RICHARDSON,

                Respondent.

Case No. 20-CV-47-JPS

**ORDER**

On January 10, 2020, Petitioner Romaine J. Reed ("Reed") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). After proceeding to trial in Milwaukee County Circuit Court, Reed was convicted of repeated sexual assault of a child. *Id.* at 2. On November 17, 2014, the court issued judgment sentencing Reed to thirty years' imprisonment to be followed by fifteen years' supervised release. *Id.* Reed appealed his conviction but it was upheld at each level of the Wisconsin court system. *Id.* at 3.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute

of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Reed's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears Reed's petition is timely. Reed's direct appeal ended on October 17, 2018, when the Wisconsin Supreme Court denied his petition for review.[1] He did not file a petition for certiorari to the United States Supreme Court. (Docket #1 at 4). The ninety-day period for filing such a petition ended on January 15, 2019, and so Reed's January 10, 2020 petition satisfies the time constraints of Section 2244(d).

The court continues its Rule 4 review by examining Reed's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal

---

[1]Reed's petition claims the appeal ended in *January* 2018, but that cannot be correct, as the Wisconsin Court of Appeals did not issue its decision rejecting his appeal until September 18, 2018. (Docket #1 at 3). The Court consulted with publicly available electronic records of the Wisconsin court system to determine the proper date of the Wisconsin Supreme Court's decision. *State of Wisconsin v. Romaine J. Reed*, Milwaukee County Circuit Court Case No. 2014-CF-1584, *available at*: wcca.wicourts.gov, *and* Appeal No. 2017-AP-883, *available at*: wscca.wicourts.gov.

habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Reed alleges nine grounds for relief. (Docket #1 at 6–9, 14–18). These allege various violations of Reed's rights to effective assistance of counsel, due process, and confrontation of witnesses. According to Reed, only the first four claims have made their way through the Wisconsin court system. The final five have not been subject to any motion or appellate practice in the state courts.

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner

to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278.

Generally, at this stage of the screening process, the Court would present Reed with a choice. Reed could either: (1) dismiss this petition in its entirety in order to exhaust all his claims in state courts; (2) move for a stay and abeyance while he returns to state court to exhaust his unexhausted claim; or (3) elect to proceed on only the exhausted claims described above. Reed has, however, already filed a motion seeking a stay and abeyance to permit him to exhaust his five unexhausted claims. (Docket #2). The Court will address that motion now.

Reed offers a few grounds for the Court to find good cause for his failure to exhaust his state court remedies. He notes that he has no legal training and his incarceration limits his ability to conduct factual and legal research. (Docket #2 at 2–3). Reed also states that his work was delayed while he sought his trial and appellate counsels' files. *Id.* at 3. But Reed candidly admits that for the first eight months that his conviction was final, he did nothing to pursue post-conviction relief. *Id.*

Reed blames the delay on the other factors mentioned above. The Court is unpersuaded for two reasons. First, while Reed's impediments are regrettable, they are also common to nearly every prisoner seeking federal habeas relief. Good cause cannot be based on issues that are so common, or

else the requirement for "good" cause would evaporate. *Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017) (allowing circumstances common to all *pro se* prisoners to establish good cause would undermine *Rhines*' directive that a stay and abeyance should be available in limited circumstances).

Second, Reed's idleness cannot be entirely attributed to those factors. He proceeded through the state court system, was convicted, sentenced, and incarcerated. According to his instant petition, he has deep disagreements with how those proceedings occurred. There is no excuse to wait for eight months to begin to explore one's options for challenging their conviction, when their confinement is a constant reminder of the conviction. Because Reed lacks good cause for his failure to exhaust, the Court need not explore whether his unexhausted claims have merit or whether he has engaged in dilatory tactics.

The Court will, therefore, deny Reed's motion for a stay and abeyance. (Docket #2). He must now make a choice between the other two options: 1) dismiss this case and exhaust the remaining claims, or 2) dismiss the unexhausted claims. If Reed elects the second option, then he should: (a) file an amended petition which does not include the unexhausted claims; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claims. If Reed elects the first option, he may notify the Court of that decision by letter. The Court hereby warns Reed that, if he proceeds only on the exhausted claims, he may not be able to proceed on his other claims in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2). Whichever course of action Reed elects to take, the Court will require him to file his amended petition and/or letter as described herein on or before **February 26, 2020**.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a stay and abeyance (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that on or before **February 26, 2020**, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety while he exhausts his claims in state court, or (2) file a letter indicating that he wishes to proceed only on his exhausted claims and file an amended petition that does not include the unexhausted claims.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge