# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ROMAINE J. REED,

                    Petitioner,

v.                                                    Case No. 20-CV-47-JPS

REED RICHARDSON,

                                                      **ORDER**

                    Respondent.

On February 5, 2020, the Court screened the petition in this matter. (Docket #5). The Court found that five of the nine grounds for relief asserted had not been exhausted in state court. *Id.* at 3–4. It further held that Petitioner did not provide good cause for his failure to exhaust those claims. *Id.* at 4–5. The Court denied Petitioner's request for a stay and abeyance. *Id.* at 5. It ordered Petitioner to either dismiss the case entirely or to inform the Court that he would proceed only on his exhausted claims. *Id.*

On February 18, 2020, Petitioner filed a motion for reconsideration of the denial of his request for a stay and abeyance. (Docket #6). Petitioner cites to Federal Rule of Civil Procedure 59(e), but that Rule only applies to judgments, and no judgment has been entered in this case. Instead, Rule 60(b) provides an avenue for reconsideration of the Court's order. A court may reconsider its orders under Rule 60(b) if a party can show "grounds such as fraud or misconduct by the opposing party, newly discovered evidence, mistake or neglect, or another exceptional circumstance that justifies this extraordinary remedy." *Van Dyke v. Fultz*, 788 F. App'x 1035, 1036 (7th Cir. 2020). Such relief "is an extraordinary remedy and is granted

only in exceptional circumstances." *Harrington v. City of Chi.*, 443 F.3d 542, 546 (7th Cir. 2006).

Petitioner, believing that Rule 59(e) applied, fails to discuss any of the specific Rule 60(b) grounds for relief. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (Rule 60(b) motion denied because the movant "failed to even *argue* that mistake, excusable neglect, newly discovered evidence, fraud, or other exceptional circumstances had undermined the legitimacy of the prior judgment.") (emphasis in original). This alone would be sufficient ground to deny the motion. *Nelson v. Napolitano*, 657 F.3d 586, 589–90 (7th Cir. 2011).

Even if Petitioner had cited and discussed the correct rule, his motion would still be denied. The motion raises only two issues. First, Petitioner contends that the Court erred in determining that his state court litigation ended on October 17, 2018, when it in fact ended on January 15, 2019. (Docket #6 at 3–4). This is immaterial to the Court's screening order. The Court found that the petition was timely even using the earlier, incorrect date. (Docket #5 at 2).

Petitioner's second argument is that the Court did not adequately consider certain factors that weighed on his request for a stay and abeyance. (Docket #6 at 4–10). The Court rejects Petitioner's argument for two independently sufficient reasons. First, Rule 60(b) is not a substitute for a direct appeal. In other words, simply asserting that the Court's decision was wrong is an impermissible use of Rule 60(b). *Tylon v. City of Chi.*, 97 F. App'x 680, 681 (7th Cir. 2004). The Rule also does not exist to give losing parties a

second bite at the apple, particularly when the evidence or argument they should have presented was within their grasp at the opportune moment. *See Buchanan v. Ill. Dep't of Human Servs.*, 15 F. App'x 366, 369 (7th Cir. 2001). Petitioner could have and should have presented all of his arguments regarding a stay and abeyance in his original motion seeking that relief. *See* (Docket #2). If he did not, Rule 60(b) is not a proper vehicle to correct his mistake.

Second, even excusing this fault in the motion, reconsideration under Rule 60(b) is nevertheless improper. None of the specific Rule 60(b) grounds apply to Petitioner's motion. Thus, the Court is left with the generic catchall provision of Rule 60(b)(6), which permits reconsideration for "any other reason that justifies relief." The Court finds no such reasons here. Petitioner first contends that he has demonstrated diligence because he utilized the law library to the fullest extent possible. (Docket #6 at 4–6). He also laments that he is not a lawyer and is generally unfamiliar with the legal system. *Id.* These facts are common to all other prisoner litigants seeking to pursue habeas relief, which the Court noted in the screening order. (Docket #5 at 4–5). The good cause required for a stay and abeyance would be meaningless if conditions that applied to all prisoners qualified as good cause.

Petitioner next argues that he has attempted to retain an expert on child psychology to aid his bid for habeas relief. (Docket #6 at 6–7). Petitioner claims to have an initial report from the expert but did not provide it to the Court. The Court is thus left unable to determine whether the expert would provide testimony of any value to Petitioner. Even if the expert did offer such testimony, Petitioner had ample time and motivation to secure that testimony before filing his federal habeas case.

Finally, Petitioner claims that the Court failed to consider various procedural bars that limit his ability to litigate, and re-litigate, his various grounds for relief in state and federal courts. (Docket #6 at 7–8). The Court is unmoved by these concerns. Again, this makes Petitioner just like every other prisoner litigant. The procedural rules that apply to habeas actions are not purposeless hurdles intended to make prisoners' lives difficult. They are carefully crafted and enforced to ensure the proper presentation of arguments and to show respect for the balance between state and federal jurisdiction.

In sum, Petitioner's motion does not present the exceptional circumstances required by Rule 60(b). The motion will, therefore, be denied. The Court's screening order directed Petitioner to choose how to proceed with this case no later than February 26, 2020. (Docket #5 at 5). That date has passed without an appropriate election from Petitioner. In his motion for reconsideration, Petitioner states that he "does not waive his right to address" that issue, while awaiting the Court's decision on his motion. (Docket #6 at 10). Petitioner is instructed that in the future, he should not grant himself a stay of a court-imposed deadline. Rather, he must comply with each of the Court's orders to the best of his ability. The Court will, nevertheless, generously extend the screening order's deadline to **March 9, 2020**.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Docket #6) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner shall make the election identified in the Court's screening order (Docket #5 at 5) no later than **March 9, 2020**.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2020.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge